## ARNOULT v. DESCHAPELLES.

In an action against the master to recover the value of a slave belonging to plaintiff killed by a slave of defendant, proof that the slave had been convicted of the killing and had been sentenced to imprisonment at hard labor for life, and that a certain sum had been paid for him by the State to defendant, will not relieve the defendant from liability for his offence. The slave having ceased to belong to defendant, he cannot make an abandonment of him; but as the slave is represented by the sum received from the State, he may exonerate himself by paying over that amount.

Decision in *Hynson* v. *Mewillon*, 2 An. 798, affirmed.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Roselius*, for the plaintiff. *Burthe*, for the appellant. The judgment of the court was pronounced by

ROST, J. This is an appeal from a judgment in favor of the plaintiff in an action instituted to recover the value of the slave *Henry*, formerly belonging to the plaintiff, and alleged to have been killed by the slave *Lewis*, belonging to the defendant.

Our attention has first been drawn to a bill of exceptions taken to the opinion of the district judge, admitting in evidence the record of the conviction of *Lewis* to prove *rem ipsam*. But as this evidence is not copied in the transcript, and the plaintiff's counsel do not rely upon it, it is unnecessary to pass upon its admissibility.

It is proved that the defendant asked his slave *Lewis*, after *Henry* had received the wounds of which he died, "*Why did you stab that boy?*" and that *Lewis* answered: "*Because I found him in my cabin, with my wife.*"

The district judge was of opinion that the question put by the defendant presupposes the knowledge in him that the act had been committed by *Lewis*, and gave judgment against him, without taking into consideration the answer of *Lewis*, or his declarations and those of *Henry*, found in the record. Al-

ARNOULT
*v.*
DESCHAPELLES.

though the evidence is not of the most satisfactory character, yet as it produced conviction on the mind of the district judge, and as that conviction is not manifestly erroneous, we do not feel at liberty to reverse his opinion.

The death of the slave *Henry* and his value, and the ownership by the defendant of the slave *Lewis*, are admitted. But the defendant contends that he is not liable in damages, and is dispensed from making the abandonment authorized by art. 181 of the Civil Code, because the slave *Lewis* has been convicted of the crime alleged, on his own declarations and those of *Henry*, and sentenced to hard-labor for life, in consequence of which he has ceased to belong to the defendant, who has received from the State $300 for him.

The question, whether under art. 181 of the Civil Code, a party situated as the defendant is, can liberate himself from the payment of greater damages by abandoning the slave who caused them, while he is undergoing the legal punishment of the offence, came before us in the case of *Hynson* v. *Meuillon*, 2 An. 798, and was decided affirmatively. We held in that case, that a slave confined at hard-labor for a term of years might be abandoned. In this case, the slave convicted has ceased to belong to the defendant, and he cannot make an abandonment of him; but that slave is represented by the sum received from the State; and, under the spirit and intent of the article of the Code, the defendant may exonerate himself by paying over this sum to the plaintiff, within three days after this decree becomes final. This appears to us a fair and legal inference, and a proper extension of the *actio noxalis*. In this respect the judgment must be amended.

It is, therefore, ordered that the judgment of the court below be amended, so that if, within three days after this decree becomes final, the defendant pay the plaintiff the sum of $300, the judgment about to be rendered shall be entered satisfied, except for costs. It is further ordered, that the judgment as amended, be affirmed; the defendant and appellant paying the costs of the District Court; those of this appeal to be paid by the plaintiff and appellee.